IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR 2 6 2009

DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | | |
|---|---|---|
| FRANK MORRIS GOODMAN and MISTY SONNIER, Individually and as Personal Representatives of the Estate of Judy Goodman, Deceased, | § § § § § | |
| Plaintiffs. | § § | CIVIL ACTION NO. _____ |
| VS. | § § | JURY |
| ETHEX CORPORATION, and KV PHARMACEUTICAL, | § § § § | |
| Defendants. | § § | |

1:09CV0265

Judge Crone

## NOTICE OF REMOVAL

COME NOW KV Pharmaceutical Company ("KV") and ETHEX Corporation ("ETHEX") (together "Defendants") and respectfully remove this case to the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants would respectfully show the Court the following:

### I. DOCUMENTS IN SUPPORT OF REMOVAL

1. Pursuant to Local Rule CV-81, Defendants attach the following documents in support of this Notice of Removal:

   A. Exhibit A - Plaintiff's Original Petition.

   B. Exhibit B - Citations issued to KV and ETHEX

   C. Exhibit C - State Court pleadings and documents.

   D. Exhibit D - Certified Copy of state court docket sheet.

   E. Exhibit E - Notice of Removed Action to State Court

   F. Exhibit F - List of Parties and Counsel as required by Local Rule CV-81

In filing this Notice of Removal, Defendants expressly reserve all other questions other than that of removal, for the purpose of further pleadings.

## II. PARTIES

2. Plaintiff FRANK MORRIS GOODMAN, Individually and as Personal Representative of the Estate of Judy Goodman, Deceased, is a Texas citizen and a resident citizen of Jefferson County, Texas. *See* Exhibit A, Plaintiff's Original Petition ("Pet."), p. 1.

3. Plaintiff MISTY SONNIER, Individually and as Personal Representative of the Estate of Judy Goodman, Deceased, is a Texas citizen and a resident citizen of Jefferson County, Texas. *See* Ex. A., Pet., p. 1.

4. Defendant KV PHARMACEUTICAL COMPANY[1] is a foreign corporation, incorporated in the State of Missouri, with its principal office and residence in St. Louis, Missouri.

5. Defendant ETHEX CORPORATION is a foreign corporation, incorporated in the State of Missouri, with its principal office and residence in St. Louis, Missouri.

## III. PROCEDURAL BACKGROUND OF STATE COURT ACTION

6. On or about January 13, 2009, Plaintiffs filed a civil action against Defendants in the District Court of Jefferson County, Texas, 60TH Judicial District styled Cause No. B183015: *Frank Morris Goodman and Misty Sonnier, Individually and as Personal Representatives of the Estate of Judy Goodman, Deceased, vs. ETHEX Corporation and KV Pharmaceutical* (the "State Court Action").

7. The State Court Action is currently pending in the District Court of Jefferson County, Texas, 60TH Judicial District.

---

[1] KV Pharmaceutical Company has been misnamed in Plaintiff's Original Petition as "KV Pharmaceutical."

8. The address of the Court from which the State Court Action is being removed is 1001 Pearl Street, Beaumont, TX 77701.

9. On or about January 13, 2009, Plaintiffs filed their Certificate of Written Discovery in the State Court Action.

10. The Defendants were served with Plaintiffs' Original Petition and the Certificate of Written Discovery on February 26, 2009.

11. Plaintiffs served the following documents on Defendants with their Original Petition and the Certificate of Written Discovery: Plaintiff's Request for Disclosure; Plaintiff's First Set of Interrogatories to Defendants ETHEX Corporation and KV Pharmaceutical; and Plaintiffs' First Request for Production to Defendants ETHEX Corporation and KV Pharmaceutical (together the "Discovery Requests").

12. On March 20, 2009, KV filed the "Original Answer of Defendant KV Pharmaceutical Company" in the State Court Action ("KV's Answer").

13. On March 20, 2009 ETHEX filed the "Original Answer of Defendant ETHEX Corporation" in the State Court Action ("ETHEX's Answer").

14. Other than Plaintiffs' Original Petition, Plaintiff's Certificate of Written Discovery, the Discovery Requests, KV's Answer, and ETHEX's Answer, no proceedings have been had in this matter.

15. Plaintiffs have requested a jury trial in the State Court Action

## IV. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

16. Defendants remove this action to the United States District Court for the Eastern District of Texas pursuant to the provisions of 28 U.S.C. § 1441, on the ground that this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a).

17. This Notice of Removal is timely filed within 30 days of Defendants' receipt of Plaintiffs' Original Petition, pursuant to 28 U.S.C. § 1446(b).

18. A Notice of Removed Action required by 28 U.S.C. § 1446(d), addressed to the adverse party and to the Clerk of the District Court of Jefferson County, Texas, 60TH Judicial District in the form attached hereto as Exhibit E, will be filed in the State Court Action, and will be forwarded to the attorneys for Plaintiff upon the filing of this Notice of Removal.

19. Both KV and ETHEX consent to this removal.

20. Pursuant to Local Rule CV-81, Defendants are filing the "List of Parties and Counsel", attached hereto as Exhibit F, with this Notice of Removal.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

### A. Removal Legal Standards

21. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2009). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a) (2009).

### B. Complete Diversity Exists Between The Parties

22. Plaintiff and Defendants are citizens of different states. Plaintiffs are both citizens of Texas. *See* Ex. A, Pet. p. 1. Under § 1332, a corporation is a citizen of any State by which it has been incorporated. *See* 28 U.S.C. § 1332(c)(1)(2009). Both KV and ETHEX were incorporated in Missouri and are Missouri citizens. *See id.* As such, the complete diversity

requirement is met as the citizenships of both Plaintiffs are diverse from the citizenships of both Defendants.

23. Venue lies in this Court because Plaintiffs' action is pending in this district and division. *See* 28 U.S.C. § 1441(a)(2009).

### C. The amount in controversy exceeds $75,000 exclusive of interest and costs.

24. Federal courts have subject matter jurisdiction and are authorized to entertain causes of action where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. *Bourne v. Wal-Mart Stores, Inc.*, 582 F.Supp.2d 828, 833 (E.D. Tex. 2008)(internal citations omitted). When a plaintiff's petition does not specify the amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* at 838-839 (internal citations omitted). This requirement is met if it is apparent from the face of the petition that the claims are likely to exceed $75,000. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Bourne*, 582 F.Supp.2d at 839 (internal citations omitted). If it is facially apparent that the amount in controversy likely exceeds $75,000.00, remand is not warranted unless the plaintiff establishes to a legal certainty that his claim is really for less than the jurisdictional amount. *Bourne*, 582 F.Supp.2d at 839.

25. Plaintiffs have brought this action against Defendants "under the Texas 'Wrongful Death' and 'Survival' statutes as well as the general common law of the State of Texas." Ex. A, Pet. p. 23. Plaintiffs allege that Judy Goodman ingested a defective Morphine Sulfate ER tablet manufactured by Defendants' and that such ingestion was the proximate and/or producing cause of Goodman's death. *See* Ex. A., Pet. p. 3.

26. Plaintiffs have asserted multiple theories of liability including:

    a. Products Liability;

    b. Negligence and Gross Negligence ("malice");

    c. Defective Design;

    d. Breach of Express Warranties;

    e. Breach of Implied Warranties;

    f. Fraudulent/negligent Misrepresentation;

    g. Deceptive Trade Practices (violations of the Texas Deceptive Trade Practices Act); and

    h. Negligent Recall.

*See* Ex. A., Pet. pp. 5-20. Plaintiffs seek multiple forms of damages including:

    a. General damages;

    b. Special damages;

    c. Treble damages;

    d. Punitive and exemplary damages as allowed by law;

    e. Cost of court;

    f. Pre-judgment and Post-judgment interest; and

    g. Such further legal and equitable relief as [the] court may deem proper.

*See* Ex. A., Pet. p. 26.

27. Plaintiffs do not specify an amount of damages sought. It is apparent, however, from the face of the complaint that the amount in controversy likely exceeds $75,000. Plaintiffs assert at least seven (7) categories of damages, including treble, punitive, and exemplary damages. Additionally, Plaintiffs assert at least eight (8) causes of action pursuant to the Texas Wrongful Death and Survival Statutes. These claims arise out of the death of Judy Goodman,

Plaintiff Frank Goodman's deceased wife and Plaintiff Misty Sonnier's deceased mother. The causes of action Plaintiffs have asserted and the categories of damages Plaintiffs have claimed facially show that the amount in controversy exceeds $75,000. As such, removal is proper. *See White*, 319 F.3d at 676; *Bourne*, 582 F.Supp.2d at 840-841.

WHEREFORE, PREMISES CONSIDERED, Defendants KV Pharmaceutical Company and ETHEX Corporation hereby remove this Action from the District Court of Jefferson County, Texas, 60TH Judicial District to the United States District Court for the Eastern District of Texas.

Respectfully submitted,

*[signature]*

Matthew D. Orwig
State Bar No. 15325300
(morwig@sonnenschein.com)
C. Michael Moore
State Bar No. 14323600
(mmoore@sonnenschein.com)
Margaret "Peg" Donahue Hall - **Lead Attorney**
State Bar No. 05968450
(pdhall@sonnenschein.com)
Christopher W. Reynolds
State Bar No. 24051247
(creynolds@sonnenschein.com)
SONNENSEHEIN NATH & ROSENTHAL, LLP
2000 McKinney Ave., Suite 1900
Dallas, TX 75201
(214)-259-0900 - *telephone*
(214)-259-0910 - *facsimile*

**LEAD ATTORNEYS FOR DEFENDANTS KV PHARMACEUTICAL COMPANY AND ETHEX CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 26, 2009, a true and correct copy of the foregoing document was served via certified mail, return receipt requested upon the following:

Mark Sparks
PROVOST UMPHREY LAW FIRM, L.L.P.
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704
(409)-835-6000 - *telephone*
(409)-838-8888 - *facsimile*

_____
Christopher W. Reynolds