**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **FRANK MORRIS GOODMAN and** | § | |
| **MISTY SONNIER, Individually and as** | § | |
| **Personal Representatives of the Estate of** | § | |
| **Judy Goodman, Deceased,** | § | |
| | § | |
| **Plaintiffs.** | § | **CASE NO. 1:09-cv-265** |
| | § | |
| **VS.** | § | **JURY** |
| | § | |
| **ETHEX CORPORATION, and** | § | |
| **KV PHARMACEUTICAL,** | § | |
| | § | |
| **Defendants.** | § | |

## ETHEX CORPORATION'S FIRST AMENDED ANSWER

COMES NOW ETHEX Corporation ("ETHEX") and files its First Amended Answer to Plaintiffs' Original Petition. ETHEX would respectfully show the Court the following:

### RESPONSES TO NUMBERED SECTIONS

#### I.    Discovery Level

1.    ETHEX admits that Plaintiffs purport to adopt a discovery plan under Level 3 of the Texas Rules of Civil Procedure as set forth in this section; however, the Removal of this case makes this provision inapplicable.

#### II.    Parties

2.    ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first full paragraph of this section and therefore denies them.

3.    ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second full paragraph of this section and therefore denies them.

4.      Answering the allegations in the third full paragraph of this section, ETHEX states that KV Pharmaceutical Company ("KV") is a Missouri Corporation and that CT Corporation is KV's registered agent for service in Missouri.  ETHEX denies the remaining allegations in the third full paragraph of this section.

5.      Answering the allegations in the fourth full paragraph of this section, ETHEX states that it is a Missouri Corporation, that it is a subsidiary of KV, that CT Corporation is ETHEX's registered agent for service in Missouri, and that it markets and sells products throughout the United States, including Texas.

### III.    Venue

6.      ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this section and therefore denies them.

### IV.    Facts

7.      ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

8.      ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first full paragraph of this section and therefore denies them.

9.      Answering the second full paragraph of this section, ETHEX states that Plaintiffs provided KV and ETHEX certain medical records and a death certificate and that Defendants requested information from Plaintiff regarding Goodman's death.  ETHEX denies the remaining allegations in this paragraph.

10.      Answering the third full paragraph of this section, ETHEX denies that it breached any obligations or duties or that any actions of ETHEX were the proximate or producing cause of Goodman's death or demise.

## V.    Fraudulent Concealment and Application of the Discovery Rule

11.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

12.    Answering the first full paragraph of this section, ETHEX denies that the nature of Goodman's injuries and her relationship to Morphine Sulfate ER tablets were inherently undiscoverable.  To the extent the allegations in the first full paragraph of this section relate or refer to legal authorities, those sources speak for themselves and any characterizations thereof are denied.

13.    The allegations in the second full paragraph of this section set forth legal conclusions to which no response is required.  To the extent a response is required ETHEX denies the allegations in the second full paragraph of this section.  To the extent the allegations in the second full paragraph of this section relate or refer to other legal authorities, those sources speak for themselves and any characterizations thereof are denied.

14.    Answering the allegations in the third full paragraph of this section, ETHEX lacks knowledge or information sufficient to form a belief as to whether Plaintiffs lacked knowledge of the facts that form the basis of this lawsuit and, therefore, denies these allegations.  The remaining allegations in the third full paragraph of this section set forth legal conclusions to which no response is required.  To the extent a response is required ETHEX denies the allegations in the third full paragraph of this section.

15.    ETHEX denies the allegations in the fourth full paragraph of this section.  To the extent the allegations in the fourth full paragraph of this section relate or refer to other legal authorities, those sources speak for themselves and any characterizations thereof are denied.

## VI.    Causes of Action

16.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

17.    Answering the first full paragraph of this section, ETHEX states that KV manufactures Morphine Sulfate ER Tablets and that ETHEX markets, promotes and distributes Morphine Sulfate Extended Release Tablets.

18.    ETHEX denies the allegations in the second full paragraph of this section.

19.    ETHEX denies the allegations in the third full paragraph of this section.

20.    ETHEX denies the allegations in the fourth full paragraph of this section.

21.    ETHEX denies the allegations in the fifth full paragraph of this section.

### A.    Products Liability

22.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

23.    ETHEX denies the allegations set forth in the first full paragraph of this section and denies that it is liable under the legal theories set forth therein.  To the extent the allegations in the first paragraph of this section relate or refer to legal authorities or texts, those sources speak for themselves and any characterizations thereof are denied.

### B.    Negligence and Gross Negligence ("Malice")

24.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

25.    ETHEX denies the allegations in the first full paragraph of this section.

26.    ETHEX denies the allegations in the second full paragraph of this section, including subparagraphs (a) through (m).

27.    ETHEX denies the allegations in the third full paragraph of this section

28.    ETHEX denies the allegations in the fourth full paragraph of this section, including subparagraphs (a) through (f).

29.     ETHEX denies the allegations in the fifth full paragraph of this section.

30.     ETHEX denies the allegations in the sixth full paragraph of this section.

31.     ETHEX denies the allegations in the seventh full paragraph of this section.

32.     ETHEX denies the allegations in the eighth full paragraph of this section.

33.     Answering the allegations in the ninth full paragraph of this section, ETHEX admits that Plaintiffs seek compensatory and punitive damages in this action but denies they are entitled to any of the damages they seek.

34.     ETHEX denies the allegations in the tenth full paragraph of this section.

35.     ETHEX denies the allegations in the eleventh full paragraph of this section.  To the extent the allegations in the eleventh full paragraph of this section relate or refer to laws, statutes, or regulations, those sources speak for themselves and any characterizations thereof are denied.  ETHEX further denies that Plaintiffs are entitled to any punitive or exemplary damages.

36.     Answering the allegations in the twelfth paragraph of this section, ETHEX denies that any crimes or felonies were committed and denies that ETHEX acted with malice.  ETHEX further denies that Plaintiffs are entitled to the relief they seek.  To the extent the allegations in the twelfth full paragraph of this section relate or refer to laws, statutes, or regulations, those sources speak for themselves and any characterizations thereof are denied.

**C.     Defective Design**

37.     ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

38.     ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first full paragraph of this section and therefore denies them.

39.     ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second full paragraph of this section and therefore denies them.

40.    ETHEX denies the allegations in the third full paragraph of this section.

41.    ETHEX denies the allegations in the fourth full paragraph of this section.

42.    ETHEX denies the allegations in the fifth full paragraph of this section.

43.    ETHEX denies the allegations in the sixth full paragraph of this section.

44.    ETHEX denies the allegations in the seventh full paragraph of this section.

45.    ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth full paragraph of this section and therefore denies them.

46.    ETHEX denies the allegations in the ninth full paragraph of this section.

47.    The allegations in the tenth full paragraph of this section set forth legal conclusions to which no response is required.  To the extent a response is required ETHEX denies the allegations in the tenth full paragraph of this section.

48.    ETHEX denies the allegations in the eleventh full paragraph of this section.

49.    ETHEX denies the allegations in the twelfth full paragraph of this section.

50.    Answering the thirteenth full paragraph of this section, ETHEX denies that there was any defect in its product.  The remaining allegations in the thirteenth full paragraph of this section set forth legal conclusions to which no response is required.  To the extent a response is required ETHEX denies the remaining allegations in the thirteenth full paragraph of this section.

51.    ETHEX denies the allegations in the fourteenth full paragraph of this section.

52.    ETHEX denies the allegations in the fifteenth full paragraph of this section.

53.    ETHEX denies the allegations in the sixteenth full paragraph of this section.

54.    ETHEX denies the allegations in the seventeenth full paragraph of this section.

55.    ETHEX denies the allegations in the eighteenth full paragraph of this section.

56.    ETHEX denies the allegations in the nineteenth full paragraph of this section.

57.     ETHEX denies the allegations in the twentieth full paragraph of this section.

**D.     Breach of Express Warranty**

58.     ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

59.     ETHEX denies the allegations in the first full paragraph of this section.

60.     ETHEX denies the allegations in the second full paragraph of this section.

61.     ETHEX lacks knowledge or information sufficient to form a belief as to the allegations in the third full paragraph of this section and therefore denies them.

62.     ETHEX denies the allegations in the fourth full paragraph of this section.

63.     Answering the allegations in the fifth full paragraph of this section, ETHEX admits that it provided information regarding its products in product inserts.  ETHEX denies the remaining allegations of the fifth full paragraph of this section.

64.     ETHEX denies the allegations in the sixth full paragraph of this section.

65.     ETHEX denies the allegations in the seventh full paragraph of this section.

66.     ETHEX denies the allegations in the eighth full paragraph of this section.

**E.     Breach of Implied Warranties**

67.     ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

68.     Answering the allegations in the first full paragraph of this section, ETHEX admits that it provided information regarding its product's intended use in product inserts. ETHEX denies the remaining allegations in the first full paragraph of this section.

69.     Answering the allegations in the second full paragraph of this section, ETHEX admits that it provided information regarding its product's intended use in product inserts. ETHEX denies the remaining allegations in the second full paragraph of this section.

70.     ETHEX denies the allegations in the third full paragraph of this section.

71.     Answering the allegations in the fourth full paragraph of this section, ETHEX admits that it provided information regarding its product's intended use in product inserts. ETHEX denies the remaining allegations in the fourth full paragraph of this section.

72.     Answering the allegations in the fifth full paragraph of this section, ETHEX admits that it provided information regarding its product's intended use in product inserts. ETHEX denies the remaining allegations in the fifth full paragraph of this section.

73.     ETHEX denies the allegations in the sixth full paragraph of this section.

74.     ETHEX lacks knowledge or information sufficient to form a belief as to the allegations in the seventh full paragraph of this section and therefore denies them.  ETHEX further denies there was any such warranty as alleged in the seventh full paragraph of this section.

75.     ETHEX lacks knowledge or information sufficient to form a belief as to the allegations in the eighth full paragraph of this section and therefore denies them.

76.     ETHEX denies the allegations in the ninth full paragraph of this section.

77.     ETHEX denies the allegations in the first sentence of the tenth full paragraph of this section.  The remaining allegations in the tenth full paragraph of this section set forth legal conclusions to which no response is required.  To the extent a response is required ETHEX denies the remaining allegations in the tenth full paragraph of this section.

78.     ETHEX denies the allegations in the eleventh full paragraph of this section.

79.     ETHEX admits that Plaintiffs seek damages as set forth in the twelfth paragraph of this section but denies that Plaintiffs are entitled to any of the damages they seek.

**F.     Fraudulent/Negligent Misrepresentation**

80.     ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

81.    ETHEX denies the allegations in the first full paragraph of this section.

82.    ETHEX denies the allegations in the second full paragraph of this section.

83.    ETHEX denies the allegations in the third full paragraph of this section.

84.    ETHEX denies the allegations in the fourth full paragraph of this section.

85.    ETHEX denies the allegations in the fifth full paragraph of this section.

86.    ETHEX denies the allegations in the sixth full paragraph of this section.

87.    ETHEX denies the allegations in the seventh full paragraph of this section.

88.    Answering the allegations in the eighth full paragraph of this section, ETHEX admits that Morphine Sulfate ER has a number of potential effects that are set forth in product inserts but denies that it is inherently dangerous.

89.    ETHEX denies the allegations in the ninth full paragraph of this section.

90.    ETHEX denies the allegations in the tenth full paragraph of this section.

91.    ETHEX denies the allegations in the eleventh full paragraph of this section.

92.    ETHEX denies the allegations in the twelfth full paragraph of this section, including subparagraphs (a) through (d).

93.    ETHEX denies the allegations in the thirteenth full paragraph of this section, including subparagraphs (a) through (f).

94.    Answering the allegations in the fourteenth full paragraph of this section, ETHEX states that it disclosed certain product information in product inserts but denies that its product was defective.

95.    ETHEX denies the allegations in the fifteenth full paragraph of this section.

96.    ETHEX denies the allegations in the sixteenth full paragraph of this section.

97.    ETHEX denies the allegations in the seventeenth full paragraph of this section.

98.    ETHEX denies the allegations in the eighteenth full paragraph of this section.

99.    ETHEX denies the allegations in the nineteenth full paragraph of this section.

100.    ETHEX denies the allegations in the twentieth full paragraph of this section.

**G.    Deceptive Trade Practices**

101.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

102.    ETHEX denies the allegations in the first full paragraph of this section.

103.    ETHEX denies the allegations in the second full paragraph of this section.

104.    ETHEX denies the allegations in the third full paragraph of this section.

**H.    Negligent Recall**

105.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

106.    Answering the allegations in the first sentence of the first full paragraph of this section, ETHEX states that KV manufactures Morphine Sulfate ER Tablets and that ETHEX sells and distributes Morphine Sulfate ER tablets.  The remaining allegations in the first full paragraph of this section set forth legal conclusions to which no response is required.  To the extent a response is required ETHEX denies the remaining allegations in the first full paragraph of this section.

107.    ETHEX denies the allegations in the second full paragraph of this section.

108.    ETHEX denies the allegations in the third full paragraph of this section.

109.    ETHEX denies the allegations in the fourth full paragraph of this section.

**VII.    Negligence Per Se**

110.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

111.    ETHEX denies the allegations in the first full paragraph of this section.  To the extent the allegations in the first full paragraph of this section relate or refer to laws, statutes, or regulations, those sources speak for themselves and any characterizations thereof are denied.

112.    The allegations in the first and second sentences of the second full paragraph of this section set forth legal conclusions to which no response is required.  To the extent a response is required ETHEX denies the allegations in the first and second sentences of the second full paragraph of this section.  ETHEX denies the allegations in the third sentence of the second full paragraph of this section.

### XIII.   Gross Negligence - Texas Constitutional Basis

113.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

114.    ETHEX denies the allegations in the first full paragraph of this section.  To the extent the allegations in the first full paragraph of this section relate or refer to laws, statutes, or regulations, those sources speak for themselves and any characterizations thereof are denied. ETHEX denies the applicability of the laws cited to this case.

115.    ETHEX denies the allegations of the second full paragraph of this section.

### IX.       Non-Compliance With Government Standards

116.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

117.    ETHEX denies the allegations in the first full paragraph of this section.

118.    ETHEX denies the allegations in the second full paragraph of this section.  To the extent the allegations in the second full paragraph of this section relate or refer to laws, statutes, or regulations, those sources speak for themselves and any characterizations thereof are denied.

119.    ETHEX denies the allegations in the third full paragraph of this section.

## X.     Damages

120.     ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

121.     Answering the first full paragraph of this section, ETHEX admits that Plaintiffs purport to bring this claim under the Texas "Wrongful Death" and "Survival" statutes, as well as the general common law of the State of Texas, but denies that Plaintiffs are entitled to relief under those statues and laws.  To the extent the allegations in the first full paragraph of this section relate or refer to laws, statutes, or regulations, those sources speak for themselves and any characterizations thereof are denied.

122.     ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraphs (a) through (d) of the second full paragraph of this section and therefore denies them.  To the extent the allegations in the second full paragraph of this section relate or refer to laws, statutes, or regulations, those sources speak for themselves and any characterizations thereof are denied.

123.     ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraphs (a) through (d) of the third full paragraph of this section and therefore denies them.  To the extent the allegations in the third full paragraph of this section relate or refer to laws, statutes, or regulations, those sources speak for themselves and any characterizations thereof are denied.

124.     Answering the allegations in the first two sentences of the fourth full paragraph of this section, ETHEX admits that Plaintiffs purport to bring this action as stated in these sentences but denies they are entitled to rely on those statues or laws.  ETHEX denies the remaining allegations in the fourth paragraph of this section.  To the extent the allegations in the fourth full

paragraph of this section relate or refer to laws, statutes, or regulations, those sources speak for themselves and any characterizations thereof are denied.

125.    ETHEX lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of the fifth full paragraph of this section and therefore denies them.  ETHEX denies that Plaintiffs are entitled to the relief and damages sought.  Answering the remaining allegations in the fifth full paragraph of this section, ETHEX admits that Plaintiffs seek to recover the damages set forth but deny that Plaintiffs are entitled to the damages they seek.

126.    ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of sixth full paragraph of this section and therefore denies them.  Answering the remaining allegations in the sixth full paragraph of this section, ETHEX admits that Plaintiffs purport to recover the damages as set forth in this paragraph but deny that Plaintiffs are entitled to the damages they seek.

127.    ETHEX admits that Plaintiffs seek to recover damages as set forth in the seventh full paragraph of this section but denies that Plaintiffs are entitled to any of the damages they seek.

128.    ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of the eighth full paragraph of this section and therefore denies them.  Answering the allegations in the third sentence of the eighth full paragraph of this section, ETHEX admits that Plaintiffs seek damages as set forth in the third sentence but denies that Plaintiffs are entitled to any of the damages they seek.  ETHEX denies the allegations in the fourth sentence of the eighth full paragraph of the section.  ETHEX admits

that Plaintiffs purport to seek damages as set forth in the fifth sentence of the eighth full paragraph of this section but denies that Plaintiffs are entitled to any of the damages they seek.

129.    ETHEX denies the allegations in the ninth full paragraph of this section.

## XI.    Punitive Damages

130.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

131.    ETHEX denies the allegations in this section and specifically denies that Plaintiffs are entitled to punitive damages.

## XII.    Damages Amount

132.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

133.    ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this section and therefore denies them.

## XIII.    Jurisdiction

134.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

135.    ETHEX denies that Plaintiff is entitled to any damages.

## XIV.    Rule 193.7

136.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

137.    Answering the allegations in this section, ETHEX denies that this is proper notice and denies the applicability of this Rule in Federal Court.  To the extent the allegations in this section relate or refer to statutes, laws, or regulations, ETHEX states that those sources speak for themselves and any characterizations thereof are denied.

## XV.    Conditions Precedent

138.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

139.    ETHEX denies the allegations in this section.

## XVI.   Self-Authentication

140.    ETHEX restates and incorporates its foregoing answers as if fully set forth herein.

141.    ETHEX denies the appropriateness of the allegations in this section.  ETHEX further denies Plaintiffs' characterization of the rule cited in this section.  ETHEX further denies the applicability of the cited rule in Federal Court.

142.    ETHEX denies that Plaintiffs are entitled to the relief sought in the Prayer

## **DEFENSES**

1.    Plaintiffs' Petition fails to state a claim upon which relief may be granted.

2.    Plaintiff cannot recover against ETHEX for any manufacturing defect because ETHEX does not manufacture Morphine Sulfate.

3.    Plaintiffs' Petition is barred for failure to join indispensable parties.

4.    The decedent assumed the risk of any alleged damages.

5.    Plaintiffs' alleged damages were caused by the decedent's own negligence or other fault.

6.    Plaintiffs' alleged damages were caused by the negligence or other fault of persons or entities other than ETHEX who are not within the control of ETHEX and for whom ETHEX has no liability.

7.    Plaintiffs' alleged damages resulted from independent, unforeseeable, superseding and/or intervening causes specific to decedent and unrelated to any conduct of, or product placed in the stream of commerce by, ETHEX.

8.    Plaintiffs' alleged damages were the result of preexisting conditions specific to decedent and unrelated to any conduct of, or product placed in the stream of commerce by, ETHEX.

9.     Plaintiffs' alleged damages were the result of the decedent's idiosyncratic reaction specific to her which ETHEX could not reasonably foresee and for which ETHEX is not responsible.

10.     Plaintiffs' alleged damages were caused in whole or in part by the misuse or unintended use of the products at issue.

11.     Plaintiffs' alleged damages were caused by changes or alterations made to the products by persons not within ETHEX's control.

12.     Any claims made by Plaintiffs are barred by the learned intermediary doctrine.

13.     Plaintiffs' product liability claims are barred because the benefits of the products outweighed their alleged risks.

14.     The products at issue were designed, tested, manufactured and marketed in conformance with the state of the scientific, medical and technological art and knowledge existing at the time of sale and, accordingly, Plaintiffs' claims are barred.

15.     Plaintiffs' claims are barred, in whole or in part, because ETHEX complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.

16.     Plaintiffs' claims are pre-empted in whole or in part by the Federal Food, Drug & Cosmetic Act ("FDCA") and the regulations promulgated thereunder, the supremacy clause of Article VI of the United States Constitution, and/or federal and/or state laws and regulations governing the labeling, advertising, and sale of prescription pharmaceutical products at issue. Alternatively, ETHEX is entitled to a presumption that its product is not defective or unreasonably dangerous.

17.     Plaintiffs' claims against ETHEX are barred by Restatement (Second) of Torts Section 402A and the comments thereto.

18.     Plaintiffs' claims against ETHEX are barred by the Restatement (Third) of Torts: Product Liability §§ 2, 4, 6, 9, and 10 and the comments thereto.

19.     Neither the decedent nor the decedent's respective physicians were induced to prescribe or use the products at issue based on any material representations or misrepresentations of ETHEX.

20.     Neither Plaintiffs nor the decedent relied on any express or implied warranty allegedly made by ETHEX.

21.     Plaintiffs failed to mitigate any alleged damages.

22.     Neither Plaintiffs nor the decedent have suffered physical injury caused by, arising from or relating to the products at issue.

23.     Plaintiffs' causes of action may be barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

24.     Plaintiffs' causes of action may be barred, in whole or in part, by the applicable statute of limitations.

25.     Plaintiffs impermissibly seek to impose liability on conduct protected from liability by the First Amendment to the United States Constitution and by Article 1, §8 of the Texas Constitution.

26.     In the absence of proof by Plaintiff that the product used and ingested by the decedent was made or distributed by ETHEX, ETHEX may not be held liable for any claim herein.

27.     Any alleged danger associated with the use of the products at issue was open and obvious and Plaintiffs are therefore barred from recovery.

28.     The products at issue have certain unavoidable, inherent characteristics that cannot be obviated under the states of scientific knowledge existing at the time such product was manufactured.  If Plaintiffs or the decedent sustained any injuries as a result of her use of or exposure to the products at issue, those injuries were the result of properties necessarily associated with the product that were unavoidable and for which ETHEX cannot be held responsible.

29.     The products at issue have certain unavoidable, inherent characteristics.  While denying that such characteristics are dangerous or defective, under the states of scientific knowledge at the time the product was manufactured, a practical and technically feasible alternative design that would have prevented the alleged harm was not available without substantially impairing the usefulness or intended purpose of the products at issue.  Consequently, ETHEX did not act unreasonably in introducing the products at issue into trade or commerce.

30.     Plaintiffs have failed to state a legal or factual basis upon which a demand for an award for treble damages, punitive damages, and/or attorneys' fees against ETHEX can be predicated.

31.     The imposition of punitive or exemplary damages against ETHEX would violate its constitutional rights under the Due Process Clauses in the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines clause in the Eight Amendment of the United States Constitution, the double jeopardy clause in the Fifth Amendment of the United

States Constitution, the commerce clause of the United States Constitution, similar provisions in applicable state Constitutions and/or applicable statutes and Court Rules.

32.    The imposition of punitive or exemplary damages against ETHEX would violate its rights under the Texas Constitution.

33.    Plaintiffs' claims are barred to the extent the decedent obtained or used the products at issue in a manner inconsistent with the instructions given to the decedent for normal usage.

34.    Plaintiffs cannot show any loss, damage, or injury by reason of any conduct or omission of ETHEX.

35.    To the extent not incorporated above, ETHEX raises all defenses available under the law of Texas or any other applicable laws.

36.    ETHEX hereby gives notice that it intends to rely upon any additional defenses that become available or apparent during the course of discovery, and thus reserves the right to amend its Answer to assert such additional defenses.

WHEREFORE, ETHEX Corporation respectfully requests judgment dismissing Plaintiffs' Original Petition and awarding ETHEX costs, interests, attorney's fees and such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

*s/ Margaret "Peg" Donahue Hall*
Matthew D. Orwig
State Bar No. 15325300
(morwig@sonnenschein.com)
C. Michael Moore
State Bar No. 14323600
(mmoore@sonnenschein.com)
Margaret "Peg" Donahue Hall - **Lead Attorney**
State Bar No. 05968450
(pdhall@sonnenschein.com)
Christopher W. Reynolds
State Bar No. 24051247
(creynolds@sonnenschein.com)
SONNENSEHEIN NATH & ROSENTHAL, LLP
2000 McKinney Ave., Suite 1900
Dallas, TX  75201
(214)-259-0900 - *telephone*
(214)-259-0910 - *facsimile*

**ATTORNEYS FOR DEFENDANTS KV
PHARMACEUTICAL COMPANY AND
ETHEX CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2009, a true and correct copy of the above and foregoing document was electronically filed with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Mark Sparks
PROVOST UMPHREY LAW FIRM, L.L.P.
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704
(409)-835-6000 - *telephone*
(409)-838-8888 - *facsimile*

*s/ Christopher W. Reynolds*
Christopher W. Reynolds